BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: Procter & Gamble Aerosol Products, Marketing, and Sales Practices Litigation | MDL No. 3025 |

## INTERESTED PARTY RESPONSE OF PLAINTIFFS BETH BLAKE AND LINDSEY LABELLA

Plaintiffs Beth Blake and Lindsey Labella ("Plaintiffs"), who are the named plaintiffs in *Blake.* v. *The Proctor & Gamble Company*, Case No. 21-794 (S.D. Ohio) and *Labella v. The Proctor & Gamble Company*, Case No. 21-216 (W.D. Pa.), respectively, submit this interested party response to The Procter & Gamble Company's ("P&G") motion for transfer of actions to the Southern District of Florida.

While Plaintiffs do not agree with either P&G's characterizations of the merits of these cases, or its do choice of forum in the Southern District of Florida, they do fully support P&G's request for transfer and consolidation of the related actions to a single district for coordinated or consolidated pretrial proceedings. The Related Actions involve "common questions of fact" and transfer will "further the convenience of the parties and witnesses" while "promot[ing] the just and efficient conduct of such actions." 28 U.S.C. § 1407.

Plaintiffs suggest that the Southern District of Ohio is the most appropriate venue for transfer due to its strong nexus to the proceedings, and respectfully requests that the Court transfer and consolidate all of the related actions to the Southern District of Ohio for coordinated or consolidated pretrial proceedings. Importantly, the Potter Stewart United States Courthouse, where the Southern District of Ohio cases are pending before Judge Douglas R. Cole, is a mere

two blocks from Defendant's worldwide headquarters where most of the evidence and witnesses in case are undoubtedly located. At the time of this filing, five of the sixteen Related Actions are pending in the Southern District of Ohio, including the *Blake* action. The Southern District of Ohio is also centrally located as a convenient venue for all Related Actions.[1] It is also not a district that is short on resources or currently overrun with MDLs and other litigation.

Additionally, the Southern District of Ohio has already assigned the five cases pending in the Southern District of Ohio to one judge: Judge Cole, who is also overseeing the *Blake* action. He is a decorated jurist with no current pending MDLs. A former State Solicitor for the State of Ohio who has argued before the United States Supreme Court five times and former practitioner with experience in complex civil and class action litigation, Judge Cole is more than capable of managing an MDL involving a Defendant that is a stone's throw from his chambers.[2]

It should be noted that while P&G notes in its Brief in Support of Transfer that the actions it specified concerned "numerous over-the-counter antiperspirant and deodorant aerosol products" (*See* P&G's Brief in Support of Transfer, ECF No. 1-1 at p. 1), Plaintiff Blake's complaint concerns a different P&G product line, its dry conditioner and shampoo products. *See Blake v. The Proctor & Gamble Company*, 21-00794 (S.D. Ohio, December 23, 2021), ECF No. 1 at p. 1.[3] Plaintiffs maintain that while there is overlap of common questions of law or fact, the antiperspirant and deodorant products may require a different scientific analysis and perhaps

---

[1] *See, e.g., In re Samsung Top-Load Washing Mach. Mktg., Sales Practice & Prods. Liability Litig.*, 278 F. Supp. 3d 1376, 1378 (J.P.M.L. 2017) (selecting district "centrally located relative to the geographically dispersed domestic defendants"); *In re: Stand N'Seal Prods. Liability Litig.*, 469 F. Supp. 2d 1351, 1352 (J.P.M.L. 2007) (selecting district because it was "easily accessible" and "two of the five corporate defendants" were located there); *In re Circular Thermostat Antitrust Litig.*, 370 F. Supp. 2d 1355, 1357 (J.P.M.L. 2005) (selected district that was "an accessible, metropolitan location" for geographically diverse parties).
[2] https://www.ohsd.uscourts.gov/DCole (last visited on Jan. 4, 2022).
[3] As of the time of this filing, P&G had already marked the *Blake* action as related, having filed on January 4, 2022 a Notice relating the *Blake* action to this MDL. *See* ECF No. 29.

different discovery (and different witnesses) than issues related to dry conditioner and shampoo products. For example, upon information and belief, the conditioners and shampoos are manufactured in West Virginia, closer to the Southern District of Ohio; whereas the antiperspirant and deodorants are manufactured in North Carolina. While Plaintiffs do support the centralization and consolidation of these cases, it should be noted that the transferee court may in its discretion separate these cases into two different tracks (one for the antiperspirant and deodorant products and another for the dry conditioner and shampoo products). *See, e.g., In re Valsartan Products Liability Litigation,* 433 F. Supp. 3d 1349, 1352 (J.P.M.L. 2019) ("As with any MDL, the transferee judge may account, at his discretion, for any differences among the actions by using appropriate pretrial devices, such as separate tracks for discovery or motion practice for the various products").

Accordingly, and for the reasons detailed herein, Plaintiffs respectfully request that the Panel transfer the actions for coordinated or consolidated pretrial proceedings to the United States District Court for the Southern District of Ohio.

DATED: January 4, 2022

Respectfully Submitted,

By: */s/ Jonathan Shub*
Jonathan Shub
**SHUB LAW FIRM LLC**
134 Kings Hwy E., 2nd Fl
Haddonfield, NJ 08033
T: (856) 772-7200
F: (856) 210-9088

*Counsel for Plaintiffs Beth Blake and Lindsey Labella*