**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: PROCTER & GAMBLE AEROSOL | ) | |
| PRODUCTS MARKETING AND SALES | ) | MDL No. 3025 |
| PRACTICES LITIGATION | ) | |

**PLAINTIFFS GREGORY PICKENS AND RYAN RINZ'S RESPONSE TO PROCTER**
**& GAMBLE COMPANY'S MOTION FOR TRANSFER OF ACTIONS**
**PURSUANT TO 28 U.S.C. § 1407**

Gregory Pickens and Ryan Rinz, plaintiffs in *Pickens and Rinz v. The Procter & Gamble Co.*, Case No. 1-21-cv-00786 (S.D. Oh.), hereby file the following Response to Procter & Gamble Co.'s Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 in the above referenced matter.

**Introduction**

On December 17, 2021, Gregory Pickens and Ryan Rinz (collectively "Plaintiffs") filed a Complaint against Defendant/Movant The Procter & Gamble Co. ("Defendant") in the United States District Court for the Southern District of Ohio for damages resulting from Plaintiffs' purchase of Defendants' body spray products that may contain benzene, a known human carcinogen.

Plaintiffs' claims are virtually identical to those asserted by the plaintiffs named in the Related Actions tagged to this proceeding. Like the plaintiffs in the Related Actions, Plaintiffs purchased body spray products designed, marketed, manufactured, and sold by Defendant that may contain benzene. Specifically, all parties have alleged that

Defendant failed to warn reasonable consumers of the risk of benzene exposure in violation of various states' laws.

Transfer and centralization is sensible given the common issues of law and fact. Centralization promotes judicial efficiency, is best for the convenience of the parties and witnesses, and will ensure fair and consistent outcomes. Plaintiffs further argue that, under the circumstances, the Southern District of Ohio is the best venue in which to consolidate and transfer these actions.

## Argument

Plaintiffs agree with Defendant that transfer of the Related Actions is appropriate in this matter because the Related Actions "involve one or more common questions of fact" arising, out of common allegations concerning the same injuries and same inadequate label.  *See* 28 U.S.C. §1407(a). Civil actions pending in different district courts and involving "one or more common questions of fact" may be "transferred to any district for coordinated or consolidated pretrial proceedings." *Id*.  Transfer is appropriate to serve "the convenience of parties and witnesses" and to "promote the just and efficient conduct" of the pending actions.  *Id*.

These cases all involve overlapping causes of actions on behalf of consumers who purchased Defendant's body spray products. In fact, each claim is nearly identical in its assertion that the Defendant failed to warn consumers that its body spray products may contain benzene, a known human carcinogen. The Related Actions all allege that

Defendant knew or should have known that its body spray products may be contaminated with benzene and thus were misbranded and adulterated. *See, e.g., In re: Stryker Rejuvenate and ABG II Hip Implant Prods. Liab. Litig.*, 949 F. Supp. 2d 1378, 1379 (transfer to District of Minnesota under § 1407 appropriate due to shared factual questions "concerning design, manufacture, marketing and performance…" of the Stryker product).

Plaintiffs' suit and the Related Actions all share common questions of law and fact, including (1) whether Defendant's body spray products are misbranded and/or adulterated; (2) whether Defendant misrepresented the ingredients and/or safety of its body spray products; and (3) whether those misrepresentations caused consumers to suffer financial harm when they purchased a product that may contain a known human carcinogen.

Centralization will promote efficient discovery on common issues, as plaintiffs all seek to develop evidence of Defendant's knowledge of marketing, labeling, as well as the science and representations surrounding the introduction of benzene into its manufacturing process.  Without centralization, overlapping and duplicative discovery is inevitable. *See In re: Fluoroquinolone Prod. Liab. Litig.*, 122 F. Supp. 3d 1378, 1380 (J.P.M.L. 2015); *see also In re Darvocet*, 780 F. Supp. 2d at 1380-81 ("Centralization would help limit duplicative discovery, prevent inconsistent pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and particularly the judiciary.").

Centralization is crucial for judicial efficiency, because these claims involve the same conduct of Defendant with respect to the same products. The parties are all pursuing similar legal theories regarding their claims, and centralization will encourage just and efficient adjudication. It is also in the interest of the parties and witnesses to have one consolidated proceeding in a single location, rather than having the parties and their counsel manage dozens of claims peppered around the country. Transfer and consolidation will eliminate duplication in discovery and discovery rulings, as well as avoid conflicting rulings on the merits, avoid conflicting schedules, reduce litigation costs, and save time and effort of the parties, the attorneys, the witnesses, and the courts. *See Manual for Complex Litigation,* § 20.131 (4th ed. 2016). It will allow the transferee judge to establish a uniform pretrial approach overall. All parties, and the judiciary, clearly benefit from centralization.

Plaintiffs suggest that the Southern District of Ohio is the most appropriate venue for transfer due to its strong nexus to the proceedings. Importantly, the Potter Stewart United States Courthouse where the Southern District of Ohio cases are pending before United States District Judge Douglas R. Cole is a mere two blocks from Defendant's worldwide headquarters where most of the evidence and witnesses in case are undoubtedly located. At the time of this filing, five of the sixteen Related Actions are pending in the Southern District of Ohio. The Southern District of Ohio is also centrally located as a convenient

venue for all Related Actions.[1] It is also not a district that is short on resources or currently overrun with MDLs and other litigation.

Additionally, the Southern District of Ohio has already assigned the five cases pending in the Southern District of Ohio to one judge: Judge Douglas R. Cole. He is a decorated jurist with no current pending MDLs. A former State Solicitor for the State of Ohio who has argued before the United States Supreme Court five times and former practitioner with experience in complex civil and class action litigation, Judge Cole is more than capable of managing an MDL involving a Defendant that is a stone's throw from his chambers.[2]

Defendant/Movant has requested that the Related Actions be transferred to the Southern District of Florida. However, this district is not centrally located nor is it easily accessible for all parties. Movant states that the Southern District of Florida is "equidistant from the remaining Plaintiffs." ECF No. 1-1 at 11. While the distance to travel may be the same, that does not equate to it being the most convenient or accessible. In fact, it is further evidence that suggest that Movant's chosen venue is equally

---

[1] *See, e.g., In re Samsung Top-Load Washing Mach. Mktg., Sales Practice & Prods. Liability Litig.*, 278 F. Supp. 3d 1376, 1378 (J.P.M.L. 2017) (selecting district "centrally located relative to the geographically dispersed domestic defendants"); *In re: Stand N'Seal Prods. Liability Litig.*, 469 F. Supp. 2d 1351, 1352 (J.P.M.L. 2007) (selecting district because it was "easily accessible" and "two of the five corporate defendants" were located there); *In re Circular Thermostat Antitrust Litig.*, 370 F. Supp. 2d 1355, 1357 (J.P.M.L. 2005) (selected district that was "an accessible, metropolitan location" for geographically diverse parties).
[2] https://www.ohsd.uscourts.gov/DCole (last visited on Jan. 4, 2022).

inconvenient for most of the plaintiffs in the Related Actions. Accordingly, the selection of the Southern District of Florida as the venue for this litigation would impose a great inconvenience on all parties when a more centrally located venue, the Southern District of Ohio, which is less than a mile away from the sole defendant's headquarters and centrally located in the United States.

Movant also argues that since the Southern District of Florida has two of the sixteen Related Actions, it is the most appropriate venue for transfer.[3] This argument actually favors transfer to the Southern District of Ohio as there are more cases pending there than any other district. As previously stated, five of the sixteen Related Actions cases have been filed in the Southern District of Ohio with the remaining cases pending in the Southern District of New York (2 cases), the Eastern District of New York (1 case), the Eastern District of California (1 case), the Central District of California (1 case), the Southern District of California (1 case), the District of Oregon (1 case), and the Northern District of Illinois (1 case). As such, because the reasons set forth by Movant in support of the Southern District of Florida weigh in favor of the Southern District of Ohio being the most appropriate venue, the Panel should consolidate these actions in the Southern District of Ohio.

---

[3] Movant also argues that since the first-filed action was filed in the Southern District of Florida, it is the most appropriate transfer venue. However, the *Bryski* case is no more advanced than the rest of the later filed actions.

**<u>Conclusion</u>**

As interested parties in the outcome of these proceedings, Gregory Pickens and Ryan Rinz respectfully support and request transfer and consolidation of the Related Actions listed in this proceeding, as well as any tag-along actions that are subsequently filed, to the Southern District of Ohio.

Date: January 4, 2022                    Respectfully submitted,

                                         **PAUL LLP**
                                         <u>/s/ Richard M. Paul III</u>
                                         Richard M. Paul III
                                         601 Walnut Street, Suite 300
                                         Kansas City, Missouri 64106
                                         Telephone: (816) 984-8100
                                         Rick@PaulLLP.com

                                         *Attorney for Gregory Plaintiffs Pickens and*
                                         *Ryan Ruiz*