BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE PROCTER & GAMBLE AEROSOL PRODUCTS MARKETING AND SALES PRACTICES LITIGATION | MDL No. 3025 |

**PLAINTIFFS TYLER BAKER, BRIAN STANFIELD, PATRICIA KELLEY, JEREMY WILSON, DANTE MELENDEZ, AND DARRELL STEWART'S OPPOSITION TO DEFENDANT THE PROCTER & GAMBLE COMPANY'S MOTION FOR TRANSFER AND CONSOLIDATION OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR CENTRALIZED PRETRIAL PROCEEDINGS AND REQUEST FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF OHIO**

Tyler Baker and Brian Stanfield, the Plaintiffs in *Baker et al. v. The Procter and Gamble Company*, Case No. 1:21-cv-00734 (S.D. Ohio) and Patricia Kelley, Jeremy Wilson, Dante Melendez, and Darrell Stewart, the Plaintiffs in *Kelley et al. v. The Procter & Gamble Company*, Case No. 1:21-cv-00785 (S.D. Ohio) (collectively, the "Baker Group Plaintiffs") hereby file this Opposition to the Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 For Centralized Pretrial Proceedings (the "JPML Petition") filed by Defendant The Procter & Gamble Company ("Procter & Gamble") and in support of their request for transfer and consolidation of actions to the Southern District of Ohio. For the reasons set forth herein, the Baker Group Plaintiffs support transfer for centralization, but oppose Defendant's request that the proceedings be transferred to the Southern District of Florida. The Baker Group Plaintiffs instead support transfer to the Southern District of Ohio and request that the cases be assigned to the Honorable Douglas R. Cole since that Court sits less than a block from Procter & Gamble's world headquarters and is more centrally located for travel.

## **INTRODUCTION**

Valisure, an independent organization which tests consumer products for toxic or carcinogenic materials, recently announced that it confirmed the presence of benzene, a known carcinogen, in various Procter & Gamble aerosol products.[1] This announcement alerted consumers across the country that they had been unknowingly exposing themselves to benzene, a known human carcinogen. Various putative class actions have been filed against Procter & Gamble across the country in the wake of the announcement that seek judgment against Procter & Gamble for failure to disclose the presence of benzene within the aerosol products.

The Baker Group Plaintiffs support centralization of the actions for the following reasons: (1) the actions involve "one or more common questions of facts"; (2) transfer will aid the "convenience of [the] parties and witnesses"; and (3) transfer "will promote the just and efficient" adjudication of the related actions. 28 U.S.C. § 1407(a). Moreover, transfer and centralization will eliminate the possibility of inconsistent pretrial rulings, including the certification of potentially overlapping classes against the same defendant. Thus, the actions should be centralized under Section 1407.

However, Baker Group Plaintiffs disagree that the Southern District of Florida is the most appropriate transferee court. Rather, the Baker Group Plaintiffs support transfer to the Southern District of Ohio, Procter & Gamble's home district. In selecting a transferee district, this Panel generally considers a defendant's location and the location of relevant documents. Additionally, while the first-filed case was filed in the Southern District of Florida, because of the nature of the Valisure announcement, many of the actions were filed in succession and thus the first-filed case

---

[1] David Light, Kaury Kucera, PhD, and Quian Wu, PhD, *Valisure Citizen Petition on Benzene in Body Spray Products* (November 3, 2021), https://www.valisure.com/wp-content/uploads/Valisure-FDA-Citizen-Petition-on-Body-Spray-v4.0-1.pdf (last visited January 4, 2022).

should not be a significant consideration in determining an appropriate court. Two related cases have been filed in the Southern District of Florida, and six cases have been filed in the Southern District of Ohio. Finally, plaintiffs in the actions are located throughout the United States, including on both coasts, and Cincinnati is the site of Procter & Gamble's world headquarters and research facilities, making for a central and easily accessible location for the litigation.

## ARGUMENT

### I. Transfer for Consolidation or Coordination of Pretrial Proceedings Is Proper.

Transfer to a single jurisdiction for coordinated or consolidated pretrial proceedings is appropriate when actions pending in various districts involve one or more common questions of fact, and transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). In considering whether transfer is necessary under § 1407(a), the Panel considers whether transfer will "eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005); *see also In re Seresto Flea & Tick Collar Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 3009, 2021 U.S. Dist. LEXIS 150349, at *3 (J.P.M.L. Aug. 11, 2021) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification motions; and conserve the resources of the parties, their counsel, and the judiciary.").

Lawsuits seeking to represent overlapping classes are particularly well-suited for centralization "because of the likelihood of overlapping or conflicting class definitions or orders and the benefits to be derived from handling all such actions in a single court." David H. Herr, Multidistrict Litigation Manual § 5:14 (2001); *see also In re Chrysler Corp. Vehicle Paint Litig.*,

3

MDL No. 1239, 1998 U.S. Dist. LEXIS 15675, at *2 (J.P.M.L. Oct. 2, 1998) (ordering transfer where "the actions in this litigation involve common questions of fact concerning allegations by overlapping classes of defects in the paint of certain Chrysler vehicles"). In particular, the Panel has found that § 1407 transfer is appropriate where multiple putative consumer class actions are premised on detection of benzene in a manufacturer's products following the announcement of its discovery by third-party testers. *See In re Johnson & Johnson Aerosol Sunscreen Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 3015 ("J&J Sunscreen").

Here, transfer for consolidation or coordination of pretrial proceedings is proper because the cases involve common questions of fact and law. The core factual issues in each action are the same, including whether Procter & Gamble manufactured, marketed, sold, and distributed antiperspirant and deodorant aerosol spray products containing benzene, whether Procter & Gamble failed to accurately inform consumers of the dangers of the products at issue, and whether Procter & Gamble made false and/or misrepresentations regarding the products. These common factual issues predominate over any individual questions of fact in each action. Additionally, transferring the actions for consolidation or coordination of pretrial proceedings will minimize the risk of inconsistent rulings from various district courts, thereby conserving judicial resources and promoting a just resolution. Without consolidating these issues in one court before one judge, the parties could obtain differing rulings, and the various scheduling orders will greatly complicate efforts at informal coordination. Transfer of the actions for consolidation or coordination will promote the just and efficient conduct of the actions.

## II. The Related Actions Should Be Transferred to the Southern District of Ohio for Coordinated or Consolidated Pretrial Proceedings Before the Honorable Douglas R. Cole.

### A. Procter & Gamble Maintains its World Headquarters and Research Facilities in the Southern District Ohio.

In selecting a transferee district, this Panel generally considers the defendant's location and the location of relevant documents. *See In re Ford Motor Co. F-150 & Ranger Truck Fuel Economy Marketing & Sales Practices Litig.*, 412 F. Supp. 3d 1355, 1356 (J.P.M.L. 2019). It is common practice for cases to be consolidated in the home district of the defendant. *See, e.g., In re Marriott Int'l, Inc.*, 363 F. Supp. 3d 1372, 1374–75 (J.P.M.L. 2019) ("We select the District of Maryland as the transferee district for this litigation. Marriott is headquartered in that district, and relevant documents and witnesses thus likely will be found there."); *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1326 (J.P.M.L. 2017) ("We select the Northern District of Georgia as the transferee district for this litigation. Equifax is headquartered in that district, and relevant documents and witnesses thus likely will be found there."); *In re Kaplan Higher Educ. Corp. qui tam Litig.*, 626 F. Supp. 1323, 1324 (J.P.M.L. 2009) (transferring actions to forum where defendants maintained a headquarters); *In re Guidant Corp. Implantable Defibrillators Prod. Litig.*, 398 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005) (transferring actions to forum where key development and manufacturing facilities were located). For similar reasons, consolidation of these proceedings in the Southern District of Ohio is convenient for all parties and witnesses and is the most appropriate transferee forum.

Procter & Gamble maintains its headquarters in Cincinnati, Ohio, which is located in the Southern District of Ohio. Transferring the actions to the Southern District of Ohio would reduce the burden on Procter & Gamble to produce witnesses and evidence relating to key issues in this litigation. This factor weighs heavily in favor of transferring the related cases to the Southern

5

District of Ohio. *See In re Fairlife Milk Prods. Mktg. & Sales Pracs. Litig.*, 396 F.Supp.3d 1370, 1371 (J.P.M.L. 2019) (a district "has a strong connection" to a matter when the defendant is headquartered there, and when the defendant's marketing decisions "likely were conceived and executed there").

Additionally, other key documents and witnesses necessary to adjudicate Plaintiffs' claims are located in Connecticut and North Carolina. Valisure, the independent testing organization that discovered the presence of benzene within the products, is located in New Haven, Connecticut. The Southern District of Ohio is approximately 730 miles from Valisure's headquarters in Connecticut, and the Southern District of Florida is approximately 1,370 miles from Valisure. Moreover, P&G's plant in Brown Summit, North Carolina is the production facility for many Old Spice and Secret products.[2] The Southern District of Ohio is approximately 450 miles from the Brown Summit plant, whereas the Southern District of Florida is approximately 800 miles from the Brown Summit Plant. It is questionable whether there is any evidence in Florida relevant to the claims and there is no benefit to transferring and consolidating the cases to the Southern District of Florida. The weight given to a choice of forum "is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." *Von Holdt v. Husky Injection Molding Sys.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). In this context, courts often view the lack of evidence as a factor weighing against a particular transfer court. *See In re TS Tech United States Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) ("Because all of the physical evidence, including . . . documentary evidence, are far more conveniently located near the Ohio venue, the district court erred in not weighing this factor in favor of transfer."). Thus, all relevant and practical factors

---

[2] Barrett J. Brunsman, *P&G's Second-Oldest Plant Called 'Factory of the Future'*, THE BUSINESS JOURNALS (September 11, 2018), https://www.bizjournals.com/triad/news/2018/09/11/p-g-s-secondoldest-plant-called-factory-of-the.html (last visited January 4, 2022).

6

favor the selection of the Southern District of Ohio over the Southern District of Florida for the transfer of the consolidated proceedings.

### B. The First Case Filed Should Not Weigh in Favor of Transfer to the Southern District of Florida.

Procter & Gamble primarily bases its support for transferring the cases to the Southern District of Florida because the first-filed case was filed there. *See* Def. Br. at 10-11. However, given that the Valisure announcement is what prompted the filings of the actions and that many of the cases were filed in succession, the jurisdiction of the first-filed case should not be a significant consideration for determining an appropriate transferee court. In fact, the second-filed case was filed just one day after the first.[3] There would be little duplicative or wasted effort that resulted from transferring the cases to a different jurisdiction. As Procter & Gamble conceded, "No litigation has occurred in any of the Actions. The Actions are all at a very early stage." Def. Br. at 9.

### C. The Convenience to Plaintiffs.

P&G incorrectly claims that the Southern District of Florida is "roughly equidistant for most of the remaining plaintiffs, who reside in California, Oregon, Ohio, Missouri, New York, and Vermont." Def Br. at 11. For the plaintiffs located on the west coast, however, the Southern District of Ohio is more centrally located. For example, Los Angeles, California is nearly 600 miles closer to Cincinnati, Ohio than Miami, Florida. Similarly, Portland Oregon is over 800 miles closer to Cincinnati, Ohio than Miami, Florida. In fact, aside from the Plaintiffs who reside in Florida, the Southern District of Ohio is a more conveniently located jurisdiction for most other plaintiffs.

---

[3] *Toporek v. The Procter & Gamble Company,* Case No. 2:21-cv-06185, the second-filed case, was filed in the Eastern District of New York.

### D. The Southern District of Ohio Has the Resources, Judicial Expertise, and Favorable Caseload to Conduct Efficient Pretrial Proceedings.

In addition to the geographic location of a court, an important consideration is whether the potential judge is qualified to handle a matter before the court. To this end, the Panel closely evaluates whether a judge possesses the experience and ability to properly manage and adjudicate a pending action, and the Panel routinely bases its ultimate decision as to where to transfer a pending case on who the presiding judge will be. For example, in *In re Vision Serv. Plan Tax Litig.*, 484 F. Supp. 2d 1356, 1357 (J.P.M.L. 2007), the panel decided to assign the "litigation to an experienced jurist with the ability to steer this litigation on a prudent course."

Prior to being appointed to the federal bench, Judge Cole was extensively involved in complex litigation. In fact, he served as counsel for Urban Active in connection with two consumer class actions, was a member of a team of attorneys who represented a class of truck dealers in an action alleging violations of the terms of the dealer agreement, and represented numerous other companies in complex litigation matters. His experience makes him uniquely qualified to address procedural and substantive issues that may arise in this case. Judge Cole is not currently overseeing any multi-district litigation matters that would impact his ability to effectively manage this case. In fact, there are currently three multi-district litigation cases pending in the Southern District of Ohio, however, they are all located in the eastern division in Columbus, and none are currently pending in the western division in Cincinnati.

### CONCLUSION

Accordingly, the Baker Group Plaintiffs respectfully request that the Panel transfer the actions for coordinated or consolidated pretrial proceedings to the Southern District of Ohio pursuant to 28 U.S.C. § 1407.

Dated: January 4, 2022                                   Respectfully submitted,

/s/ Joseph J. Braun
Joseph J. Braun
Richard S. Wayne
**STRAUSS TROY**
150 East 4th Street, 4th Floor
Cincinnati, Ohio 45202
Telephone: 513-621-2120
Facsimile: 513-241-8259
E-mail: jjbraun@strausstroy.com
E-mail: rswayne@strausstroy.com

**LEVI & KORSINSKY, LLP**
Mark S. Reich
Courtney E. Maccarone
55 Broadway, 10th Floor
New York, NY 10006
Telephone: 212-363-7500
Facsimile: 212-363-7171
E-mail: mreich@zlk.com
E-mail: cmaccarone@zlk.com

**OSBORN LAW PC**
Daniel A. Osborn
43 West 43rd Street, Suite 131
New York, New York 10036
Telephone: 212-725-9800
Facsimile: 212-725-9808
Email: dosborn@osbornlawpc.com

*Counsel for the Baker Group Plaintiffs*